This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                  **NO. 30,332**

**PAEA OTUAFI,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his convictions on charges of battery and assault on a peace officer, arguing that the district court erred in refusing to instruct the jury on Defendant's theory of self-defense. Having considered the parties' arguments, we affirm.

**BACKGROUND**

On the night of May 25, 2009, Officers Patrick Sanchez and Michael McCluskey were dispatched to an apartment complex in Santa Fe, New Mexico to investigate a domestic disturbance report. Officer Sanchez arrived first and saw Defendant running "in a full sprint" from the building to which the officers had been dispatched. Officer Sanchez gave pursuit in order to question Defendant about his reasons for running from the apparent scene of the disturbance to which the police had been called. Defendant did not stop running despite Officer Sanchez's repeated identification of himself as a police officer and his demands that Defendant stop and get on the ground. Instead, Defendant ran into a dimly lit park near the apartment complex with Officer Sanchez in pursuit.

Finally, Defendant stopped abruptly, turned to face Officer Sanchez, and extracted from his pocket a silver, metallic object and "pointed it right at" Officer Sanchez. Officer Sanchez drew his weapon, but he did not fire because he was

uncertain that he was, in fact, being threatened with deadly force. When Officer Sanchez drew his gun, Defendant said, "Let me just drink my beer." Officer Sanchez then heard the sound of a can being opened and reholstered his weapon. Defendant was still standing, however, against Officer Sanchez's repeated commands, so Officer Sanchez kept telling him, "Get on the ground, get on the ground." Defendant continued to disobey the officer's commands.

Following Santa Fe Police Department procedures for the control of a noncompliant subject, Officer Sanchez evaluated the options available to him, but determined that no means short of physical force were available. Having no alternative to the use of force, Officer Sanchez grabbed Defendant around the arms and tackled him to the ground. Defendant struggled, continuing to resist Officer Sanchez's efforts to control him. During the struggle, Officer McCluskey radioed Officer Sanchez, who signaled his location with his flashlight. Officer McCluskey then joined the attempt to subdue Defendant, at which time the officers succeeded in securing a handcuff to one of Defendant's wrists.

As soon as the handcuff locked in place, Defendant "went . . . berserk," redoubling his efforts to escape, attempting to strike both officers, and punching Officer McCluskey multiple times. Defendant then unfastened the restraining clips on Officer McCluskey's holster, and attempted to pull the weapon out. As he was

trying to take Officer McCluskey's gun, Defendant began threatening to kill the officers. When Officer McCluskey shifted position to prevent Defendant from taking the firearm, Defendant kneed him in the groin. Defendant struck Officer McCluskey in his groin with significant force three times during the altercation. Ultimately, the efforts of five officers, including multiple jolts with a taser stun weapon, were required to subdue Defendant.

Defendant was charged with disarming a peace officer, battery upon a peace officer, and assault upon a peace officer. Following a jury trial, Defendant was convicted on the battery and assault charges. On appeal, Defendant argues that his convictions were improper because the district court erred in refusing his tendered jury instruction on self-defense.

**DISCUSSION**

Defendant raises several arguments to support the claim that the district court erred in refusing his proffered instruction on self-defense. Preliminarily, we note that because Defendant's self-defense instruction and the briefing of the issue concern only the amount of force employed by Officer Sanchez in tackling him, our review is limited to the actions of Officer Sanchez and does not include the actions of the other officers ultimately required to compel Defendant's compliance.

Under New Mexico law, the self-defense instruction is available to the

defendant in a case of assault and/or battery on a peace officer if the officer employed excessive force in detaining the defendant. *State v. Ellis*, 2008-NMSC-032, ¶ 16, 144 N.M. 253, 186 P.3d 245. We note that Defendant misstates the applicable standard by citing *State v. Lara*, 110 N.M. 507, 515, 797 P.2d 296, 304 (Ct. App. 1990), for the proposition that a requested instruction should be given when there exists even slight evidence as to the elements of an affirmative defense. That standard has been expressly abandoned in New Mexico. *State v. Rudolfo*, 2008-NMSC-036, ¶ 27, 144 N.M. 305, 187 P.3d 170. Now, the party requesting the instruction must show "evidence sufficient to justify a reasonable jury determination" on each element of self-defense at issue. *Id.* (internal quotation marks omitted). In order to justify an instruction on self-defense against a peace officer, a defendant must show that:

> 1. The officer used greater force than reasonable and necessary . . .; and
> 2. There was an appearance of immediate danger of bodily harm to the defendant . . .; and
> 3. The defendant was in fact put in fear of immediate bodily harm . . . because of that fear; and
> 4. The defendant used an amount of force that the defendant believed was reasonable and necessary to prevent the bodily harm; and
> . . . .
> 6. The apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did.

UJI 14-5185 NMRA. The force used by the officer is evaluated objectively "from the perspective of a reasonable officer on the scene." *Ellis*, 2008-NMSC-032, ¶ 26

(internal quotation marks and citation omitted).

Defendant argues that Officer Sanchez failed to inform him that he was not under arrest—a violation of the Santa Fe Police Department's policy for investigative detentions. However, Defendant does not explain how this violation relates to his claim of self-defense. The district court addressed the justification for the oversight, ruling that it

> would be too much to assume . . . that an officer is expected to think and say under these circumstances I'm not arresting you . . . and certainly when [Officer] Sanchez screamed to please get on the ground and . . . Defendant ignored him, that he would think to say you're not under arrest, just an investigation.

We find that under the circumstances of this case, Officer Sanchez's failure to inform Defendant that the detention was initially not an arrest is not a factor in our evaluation of Defendant's self-defense argument.

Defendant argues that the district court erred in ruling that he presented no evidence of fear. Defendant argues that his fear was evident in the fact that he was intoxicated, that when he stopped and opened his beer, "from [his] perspective the situation was resolved," and that when he was tackled, he resisted. Defendant identifies no evidence in the record to support his arguments that intoxication predisposes a person to fear, or that Defendant considered the situation "resolved" at a time when Officer Sanchez was continuing to demand that he lie on the ground.

6

Moreover, as the State notes, the argument that resisting an officer's authority is *per se* evidence of fear of injury implies that every instance of resisting detention is motivated by fear, to the exclusion of other motives such as anger or retaliation.

Defendant needed to put on "evidence sufficient to justify a reasonable jury determination" that his resistance was motivated by fear of bodily injury. *Rudolfo*, 2008-NMSC-036, ¶ 27 (internal quotation marks omitted). Because he failed to do so, he did not meet this element of self-defense. Similarly, Defendant fails to show that he put on evidence of his subjective belief that the force he used was reasonable and necessary to protect himself from bodily injury. *See* UJI 14-5185. This element, too, thus remains unmet.

Officer Sanchez had a reasonable basis for detaining Defendant for questioning. At the time he was pursuing Defendant, Officer Sanchez did not know what had precipitated the original domestic disturbance call and thus did not know whether Defendant might have committed a serious crime. Officer Sanchez testified that, "if I [had] just let somebody [who] harmed somebody go, then I would think that I failed my Department and the citizens of Santa Fe."

The record makes it clear that Officer Sanchez increased his response "incrementally[,] in proportion to the circumstances with which he was confronted." Rather than simply tackling Defendant as soon as it was evident that Defendant was

7

not threatening him with a firearm, Officer Sanchez continued to demand that Defendant "get on the ground."  Only when Defendant failed to do so and no other means were reasonably available to subdue Defendant and assure he would no longer attempt to resist or flee did the officer resort to physical force.  Because the officer's actions were proportional in response to Defendant's actions in resisting his authority and no lesser means of assuring Defendant's compliance were available, we believe that Officer Sanchez employed only the force that was reasonably necessary to the performance of his duties.  Because there was no excessive force and for the other reasons discussed above, we conclude that the district court properly refused Defendant's instruction on self-defense.

**CONCLUSION**

For the reasons stated herein, we affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**

8

_____

**MICHAEL E. VIGIL, Judge**